**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
PAUL LAZICKI,                     :
                                  :    Civil Action No. 04-1041 (JAG)
               Petitioner,        :
                                  :
          v.                      :
                                  :         OPINION
TERRY MOORE,                      :
                                  :
               Respondent.        :
                                  :
```

**APPEARANCES:**

> PAUL LAZICKI, Petitioner <u>Pro Se</u>
> #220003/327773B
> East Jersey State Prison
> Lock Bag "R"
> Rahway, New Jersey 07065
>
> PAULA JORDAO, ESQ.
> MICHAEL M. RUBBINACCIO,
> MORRIS COUNTY PROSECUTOR
> Records & Administration Bldg.
> Third Floor, P. O. Box 900
> Morristown, New Jersey 07963-0900
> Attorneys for Respondent

**GREENAWAY, JR., District Judge**

This matter is before the Court on an application of petitioner Paul Lazicki seeking a writ of habeas corpus relief, pursuant to 28 U.S.C. § 2254. Lazicki raises three claims in his petition. First, Lazicki claims that the aggregate, if not individual, result of trial errors deprived him of his state and federal constitutional rights to a fair trial. Second, Lazicki

claims that his Fourth Amendment rights were violated, because evidence used to convict him was seized pursuant to an illegal search warrant.  Third, Lazicki claims that he was deprived of his Sixth Amendment right to effective assistance of counsel. Lazicki also requests that an evidentiary hearing be held on the ineffective assistance of counsel claim.  For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I.  <u>BACKGROUND</u>

A.  <u>Procedural History</u>

Petitioner, Paul Lazicki ("Lazicki"), is presently confined at the East Jersey State Prison in Rahway, New Jersey.  Lazicki was convicted by a jury in the Superior Court of New Jersey, Law Division, Morris County, in February 1989, on three counts of first degree aggravated sexual assault and two counts of second degree sexual assault.  On June 15, 1989, Lazicki was sentenced to an aggregate 40-year prison term with a 15-year parole disqualifier.

Lazicki appealed his final judgment of conviction to the New Jersey Appellate Division.  In an unpublished <u>per</u> <u>curiam</u> Opinion decided April 11, 1990, the Appellate Division affirmed the conviction and sentence.  (Appellate Division Opinion, decided

April 11, 1990, Respondent's Appendix ("Ra")[1] Ex. r.)  The New
Jersey Supreme Court denied certification.

   In February 1994, Lazicki filed his first state post-
conviction relief petition ("PCR"), alleging that his trial
counsel was ineffective.  The trial court denied the PCR petition
and Lazicki appealed.  On December 8, 1995, the Appellate
Division reversed and remanded the matter because petitioner had
been given an insufficient opportunity to consult with counsel
before the PCR hearing.  The Appellate Division noted, however,
that the trial record contained "an avalanche of evidence of
petitioner's guilt of the horrific crimes charged."  (Ra Ex. r.)

   On remand of the PCR petition, the Honorable Catherine M.
Langlois, J.S.C. denied relief, finding that the State's proofs
were overwhelming.  Lazicki appealed from this decision and the
Appellate Division affirmed the denial of the PCR petition.  The
New Jersey Supreme Court denied certification on September 26,
2000.

   Lazicki filed his second PCR petition on June 17, 2002,
claiming newly discovered evidence and an illegal sentence.
Judge Langlois denied the first claim of the petition as
untimely, under N.J.Civ.R. 3:22-1, et seq., by written decision

_____

   [1] "Ra" reflects the respondent's appendix submitted with his
answer.  The appendix includes the relevant state court record.

on October 4, 2002.  The claim regarding the illegal sentence was deemed timely but denied on the merits without a hearing.

On October 18, 2002, Lazicki filed yet another state PCR petition for an evidentiary hearing on grounds of newly discovered evidence, pursuant to N.J.Civ.R. 3:20-2.  The petition was denied by Judge Langlois and the Appellate Division affirmed on appeal on August 28, 2003.  The New Jersey Supreme Court denied certification on November 24, 2003.

On March 4, 2004, Lazicki filed this federal habeas petition.[2]

B.  Factual Background

The facts of this case are recounted below and this Court, affording the state court's factual determinations the appropriate deference under 28 U.S.C. § 2254(e)(1), will simply reproduce the New Jersey Appellate Division's factual recitation:

> We need not recount the sordid details pertaining to these crimes.  Suffice it to say, the trial judge at sentencing characterized the State's evidence as overwhelming, a conclusion with which we wholeheartedly agree.  Indeed, the trial record fairly shrieks of defendant's guilt.  Over a substantial period of time defendant, a man in his 40's, engaged in numerous sexual attacks upon his second cousin, a boy of eight years of age.  Because of illness in the victim's family, he was periodically placed in defendant's care.  Although several of these sexual assaults occurred elsewhere, most took place in an antique Plymouth automobile

_____

[2] Lazicki filed a fourth state PCR petition on June 22, 2004.  The petition was denied by Judge Langlois in a written opinion filed on October 5, 2004.  Lazicki appealed.  Again, the Appellate Division affirmed the denial of post-conviction relief.

which was stored in defendant's barn.  The victim was repeatedly subjected to acts of anal intercourse, fellatio and masturbation.  Because of these events, the victim suffered severe physical and psychological harm.

(Ra Ex. r at 2-3.)

II.  <u>CLAIMS FOR HABEAS RELIEF</u>

Lazicki raises the following claims in his federal habeas petition: (1) the trial judge committed numerous legal errors, which aggregately, if not individually, deprived petitioner of his federal and state constitutional right to a fair trial; (2) evidence seized from petitioner's automobile was improperly admitted into evidence as probable cause did not exist to issue a search warrant; and (3) ineffective assistance of trial counsel.

The State argues that petitioner's claims are without merit or, alternatively, the claims fail to state a cognizable federal constitutional violation.  The State also generally asserts that petitioner has failed to exhaust his available state remedies.[3] To the extent that any of the claims asserted by Lazicki in this petition were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits, pursuant to 28

---

[3] The respondent never raised the affirmative defense that this habeas petition may be time-barred.  While this Court has serious reservations that the petition was timely presented under § 2244(d)(1), it may not <u>sua</u> <u>sponte</u> dismiss the petition on this ground if the respondent, being required to raise any affirmative defenses in their answer to the petition, fails to assert a statute of limitations defense.  <u>See</u> <u>Robinson v Johnson</u>, 313 F.3d 128, 137 (3d Cir. 2002), <u>cert.</u> <u>denied</u>, 540 U.S. 826 (2003); <u>Stewart v. Hendricks</u>, 71 Fed.Appx. 904, 906 (3d Cir. 2003).

U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  See also Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

### III.  STANDARD GOVERNING REVIEW OF § 2254 CLAIMS

This Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v. Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because Lazicki is a pro se litigant, this Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534

6

U.S. 919 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir.
1996)(citing <u>Parke v. Raley</u>, 506 U.S. 20, 36 (1992)).  Section
2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment
> of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an
> > unreasonable determination of the facts in light
> > of the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme
Court explained that subsection (d)(1) involves two clauses or
conditions, one of which must be satisfied before a writ may
issue.  The first clause, or condition, is referred to as the
"contrary to" clause.  The second condition is the "unreasonable
application" clause.  <u>Williams</u>, 529 U.S. at 412-13.  In the
"contrary to" clause, "a federal court may grant the writ if the
state arrives at a conclusion opposite to that reached by [the
Supreme] Court on a question of law or if the state court decides
a case differently than [the Supreme] Court has on a set of
materially indistinguishable facts."  <u>Id.</u>

7

Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. Id. at 411. See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims. First, the court must examine the claims under the "contrary to" provision, identify the applicable Supreme Court precedent and determine whether it resolves petitioner's claims. See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-91. If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court

unreasonably applied the Supreme Court precedent in reaching its decision. Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result. Id. AEDPA prohibits such de novo review. Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable. Id. In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and convincing evidence. See Duncan, 256 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

VI.   <u>ANALYSIS</u>

A.  <u>Trial Court Errors</u>

Lazicki recites a litany of trial court errors, which he claims denied him a fair trial.  First, Lazicki claims the trial judge erred by refusing to admit a letter written by the victim's mother to Lazicki.  Second, Lazicki claims that the government failed to provide advance notice to Lazicki of particular victim testimony.  Third, Lazicki claims that photos taken by a state expert should not have been admitted.

1.  *Failure to Admit DiGiovanni Letter*

In his first argument, Lazicki claims that the trial court erred in failing to admit into evidence a letter written by the victim's mother in which she praises petitioner for his care of her son.  He claims that the letter was relevant under the New Jersey Rules of Evidence and should have been admitted.

Lazicki raised this argument on direct appeal.  The Appellate Division rejected Lazicki's claim as completely meritless:

> Defendant first asserts that the trial court erroneously excluded a letter sent to him by the victim's mother noting her appreciation with respect to Lazicki's efforts in caring for her son.  While conceding that the letter constitutes hearsay, defendant argues that it should have been admitted as an authorized or vicarious admission under [N.J.] <u>Evid.R.</u> 63(8) and (9).  This contention is clearly without basis.

(Ra Ex. r at 5.)

10

Generally, matters of state law and rules of procedure and evidence are not reviewable in a federal habeas petition.  The Supreme Court has stated that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Federal courts must afford the states deference in its determinations regarding evidence and procedure.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986)("we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see that evidence admitted").  It is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim.  The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citation omitted), cert. denied, 522 U.S. 1109 (1998).

However, evidentiary rulings may violate due process when the petitioner "was denied fundamental fairness at trial." Hutchins v. Hundley, No. 91-818, 1991 WL 167036 at *4 (D.N.J. Aug. 22, 1991)(citation omitted); see also Kontakis v. Beyer, 19 F.3d 110, 120 (3d Cir. 1994), cert. denied, 513 U.S. 881 (1994);

11

<u>Lisenba v. California</u>, 314 U.S. 219, 228, 236 (1941)(holding that state court's evidentiary rulings may form the basis for habeas relief when they "so infused the trial with unfairness as to deny due process of law").  <u>See</u> <u>also</u> <u>United States v. Agurs</u>, 427 U.S. 97, 108 (1976)(For a habeas petitioner to prevail on a claim that an evidentiary error amounted to a deprivation of due process, he must show that the error was so pervasive as to have denied him a fundamentally fair trial).

The appropriate inquiry is "whether the claimed error of law is a fundamental defect which inherently results in a complete miscarriage of justice or is an omission inconsistent with the rudimentary demands of fair procedure."  <u>Hutchins</u>, 1991 WL 167036 at *4 (citing <u>United States v. De Luca</u>, 889 F.2d 503, 506 (3d Cir. 1989), <u>cert.</u> <u>denied</u>, 496 U.S. 939 (1990)).

The Supreme Court has further stated that "an otherwise valid conviction should not be set aside if the reviewing court may confidently say on the whole record that the constitutional error was harmless beyond a reasonable doubt."  <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 681 (1986).  An error is not harmless if "it aborts the basic trial process or denies it altogether."  <u>Hutchins</u>, 1991 WL 167036 at *5 (citing <u>Rose v. Clark</u>, 478 U.S. 570, 578 n.6 (1986)).

In this case, this Court finds that the state court's evidentiary ruling with respect to the exclusion of the letter by

the victim's mother did not violate petitioner's right to due process.  The letter was admittedly hearsay and did not fall under any of the hearsay exceptions of the New Jersey Rules of Evidence, nor was it an authorized or vicarious admission that would otherwise permit it from being offered in evidence at trial, pursuant to the state rules of evidence.  Thus, under the state court rules of evidence, the letter was properly excluded. There is nothing to show that this evidentiary ruling constituted an error of constitutional dimension.  Also, a review of the whole record demonstrates that the trial process was fundamentally fair.  Accordingly, this ground for a writ of habeas corpus shall be denied.

2.  *Victim's Statement About a "Newspaper Threat"*

Lazicki next asserts that the State's failure to notify him of the victim's testimony about a "newspaper threat" violates Brady v. Maryland, 373 U.S. 83 (1963).  During trial, the victim testified that Lazicki threatened him on several occasions. Pertinent here, the victim stated that Lazicki told him that if the victim told anyone about the sexual assaults, the victim's photograph would appear on the front page of the newspaper and his classmates would ridicule him.  (5T[4] 25:10-17.)

_____

[4] The respondent provided this Court with a copy of the relevant state court transcripts, which are designated as follows:
     T  =  August 19, 1987
     2T =  October 2, 1987

13

The State counters that, at most, the failure to inform Lazicki and his counsel about the "newspaper threat" was a discovery violation that was not prejudicial to petitioner. Moreover, the testimony was inculpatory and not exculpatory; therefore, <u>Brady</u> does not apply.

Lazicki presented this claim on direct appeal.  The Appellate Division, after carefully examining the record, "found no instance of prosecutorial concealment of evidence favorable to defendant.  There is not a hint of merit in any of the contentions advanced."  (Ra Ex. r at 5.)

In order to establish a <u>Brady</u> non-disclosure violation, the defense must demonstrate that: (1) the prosecution failed to disclose the evidence; (2) the evidence was of a favorable character to the defendant; and (3) the evidence was material. <u>Moore v. Illinois</u>, 408 U.S. 786, 794-95 (1972).

As mentioned above, the information about a "newspaper threat" is inculpatory information, and any failure of the State in disclosing this information to petitioner before trial is not

---

```
            3T  =  February 8, 1989
            4T  =  February 14, 1989
            5T  =  February 16, 1989
            6T  =  February 17, 1989
            7T  =  June 15, 1989
            8T  =  May 13, 1994
            9T  =  July 29, 1994
            10T =  August 8, 1996
            11T =  December 7, 1999
```

governed by <u>Brady</u>, but it may otherwise constitute a discovery violation.  There is nothing in the record to show that any exculpatory information was withheld, thereby negating the second condition required to establish a <u>Brady</u> violation.  Thus, petitioner's <u>Brady</u> claim lacks merit and shall be denied.

Moreover, assuming, <u>arguendo</u>, that this failure to disclose was a discovery violation, it was not so prejudicial to petitioner as to affect the fairness of the trial or result in manifest injustice.  Petitioner was on notice, from pretrial discovery and the grand jury testimony, that the victim would testify that Lazicki threatened him to secure his silence about the sexual assaults on other occasions.  Lazicki's trial counsel also was effective in using the victim's omission of the "newspaper threat" in his grand jury testimony when cross-examining the victim at trial so as to undermine the victim's credibility.  Therefore, the Court finds no constitutional deprivation in what appears to be a non-prejudicial discovery violation.

   *3.  Dr. Horowitz Report and Photos*

Lazicki also complains that the trial court erred in admitting photographs or slides taken of the victim by state expert witness, Dr. Horowitz, on September 2, 1987.  Dr. Horowitz initially examined the victim on March 24, 1986.  At that time, the doctor took photographs of the victim's anal region.  A

15

report was prepared and furnished to the defense.  However, the photos did not turn out, so Dr. Horowitz bought a new camera and took the same photos on a repeat examination on September 2, 1987.  Dr. Horowitz did not prepare a new report with respect to the September 2, 1987 photographs.  These new photos or slides apparently were not provided to defense counsel until they were introduced at trial.

On direct appeal, the Appellate Division found that the "State plainly satisfied applicable foundational requirement for admission of the photographs and slides."  The court also found petitioner's claim in this regard to be "wholly without basis." (Ra Ex. r at 5.)  Accordingly, this Court finds that the state court's evidentiary ruling with respect to the admission of photos and slides relevant to the State's expert witness testimony, did not violate petitioner's right to due process.

There is nothing to show that this evidential ruling constituted an error of constitutional dimension, rather, it is simply a state evidentiary issue properly decided by the state courts.[5]  Nor does the trial record demonstrate that the trial

---

[5] Lazicki again asserts that the failure to disclose the photos and slides before trial was a <u>Brady</u> violation.  The Appellate Division's finding on direct appeal that there was no instance of prosecutorial concealment with respect to evidence favorable to Lazicki stands; this evidence is inculpatory, and thus, not governed under <u>Brady</u>.  Moreover, even if this Court were to find that there was a discovery violation, it was not prejudicial because the photos merely conformed to the examination report already provided to the defense.

process was fundamentally unfair.[6]   Therefore, this claim is groundless.

Next, Lazicki argues that Dr. Horowitz should not have been qualified as an expert and his opinion that the victim had been anally penetrated on a frequent basis should not have been admitted.   Again, this is an issue of a state evidentiary ruling which federal courts may not review unless there is a showing of a constitutional error.

Relying on state law, the Appellate Division rejected Lazicki's assertions on appeal.   In particular, the court held:

> We are also convinced that Dr. Horowitz's opinion that the victim had been anally penetrated on a frequent basis was properly admitted.  See State v. Odom, 116 N.J. 65, 79 (1989).  The opinion offered by the State's witness fell within his area of expertise and specialized knowledge and was not objectionable merely because it embraced one of the ultimate issues the jury was to decide.  Id.  Moreover, Dr. Horowitz's opinion was essentially the same as that set forth in his report, and defendant could not possibly have been surprised or unfairly prejudiced.

(Ra Ex. r at 5-6.)

Based on review of the trial record, this Court finds that the state court's evidentiary ruling with respect to qualifying Dr. Horowitz as an expert in the field of child sex abuse and admitting his opinion testimony about whether there was anal penetration of the victim did not violate Lazicki's right to due

---

[6] The pictures and the expert's opinion relate solely to whether the victim had previously engaged in anal intercourse. They have no bearing on Lazicki's guilt.

process.  First, Dr. Horowitz was an experienced and certified pediatrician who had treated approximately five hundred children who had been sexually abused.  Further, Dr. Horowitz is a member of the Academy of Pediatricians' section addressing the sexual abuse of children, and testified that he had been deemed as an expert in this field on prior occasions.  (3T[7] 64:25-65:10; 66:6-18; 67:14-19.)  Second, the doctor did not opine on Lazicki's guilt, only on the issue of whether the victim had been anally penetrated.[8]  Thus, under the state court rules of evidence, the expert was properly qualified and his opinion testimony was properly admitted.  Lazicki has failed to make a showing of constitutional error, and the admission of the expert doctor's testimony and opinion did not subvert the trial process, which was fundamentally fair.  Accordingly, this basis for habeas relief also shall be denied.

  4.  *Cumulative Errors*

  Lazicki also asserts that the cumulative effect of the trial court's errors deprived him of his right to due process.  This

---

[7] See <u>supra</u> note 4 for dates of trial transcripts.

[8] To the extent that petitioner argues that the expert testified that the victim was anally penetrated in the "legal sense of the word", this Court finds no error in such testimony being admitted.  Under the state statute, N.J. STAT. ANN. 2C:14-1c, the word "penetration" has the same or similar definition as commonly used.  Therefore, the doctor's testimony on penetration, as it relates to this case, did not operate as a legal term of art.

Court has concluded that each of the alleged errors by the trial court were harmless.  Thus, even when cumulated, they fail to rise to the level of constitutional magnitude.  Further, Lazicki has not demonstrated that the actions of the state courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Therefore, this claim of cumulative errors will likewise be denied for lack of merit.

B.   Search of Automobile Was Without Probable Cause

     In this claim for habeas relief, Lazicki argues that evidence seized from his automobile was improperly admitted at trial because probable cause was lacking for the search, in violation of the Fourth Amendment.  Lazicki contends that the information presented to the issuing judge was stale.

     The respondent contends that this Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976), which held that where the state had provided for full and fair litigation of a Fourth Amendment claim a state prisoner would be precluded further review in a federal habeas proceeding.

     Before trial, defense counsel had moved to suppress the evidence from the automobile.  The motion was granted, but the

State appealed the decision and the Appellate Division reversed the suppression order.  Lazicki complains that he was not given the opportunity to present oral argument to the Appellate Division.

After his state court conviction, Lazicki appealed, again raising the claim that the search and seizure of evidence from his automobile violated his Fourth Amendment rights.  He also argued that the Appellate Division's summary disposition of the issue, which precluded oral argument, was unfair.

In its April 11, 1990 Opinion, the Appellate Division held that summary disposition is permissible under N.J.App.R. 2:8-3(b), on the court's "own motion at any time" provided the "merits have been briefed."  The court noted, however, that oral argument was never requested.  (Ra Ex. r at 3-4.)  Further, the appellate court found that

> the search and seizure comported fully with Fourth Amendment requirements.  As pointed out in the State's brief, "[t]he assessment of whether probable cause is 'stale' requires [a] common sense approach, uninhibited by unrealistic technical concerns."  The vitality of probable cause cannot be quantified by simply counting the number of days between the occurrence of the facts relied upon and the issuance of the warrant.  Where, as here, the affidavit recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant.  United States v. Johnson, 461 F.2d 285, 287 (10th Cir. 1972); see also State v. Blaurock, 143 N.J. Super. 476, 479 (App. Div. 1976).  In the context of the facts of this case, there was a substantial basis for believing that incriminating evidence would be found in the antique Plymouth stored in defendant's barn, notwithstanding the passage of time.

(Ra Ex. r at 4.)

Upon review of the state court record, this Court finds that Lazicki had fully litigated these claims in his motion to suppress, which was initially granted, and then again on interlocutory appeal.  Thereafter, he raised the same claims in his direct appeal from conviction.  Accordingly, Lazicki had a full and fair opportunity to litigate these issues.

The governing case here is <u>Stone v. Powell</u>, which holds that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that evidence obtained on an unconstitutional search or seizure was introduced at his trial."  428 U.S. at 482.  The Supreme Court reasoned that application of the exclusionary rule deflects from the truth-finding process, often freeing the guilty, and while deterrence of official misconduct supports implementation of the exclusionary rule at trial, "the additional contribution, if any, of the consideration of search- and-seizure claims of state prisoners on collateral review is small in relation to the costs."  428 U.S. at 493.

Moreover, to satisfy the opportunity of the full and fair litigation requirement under <u>Stone v. Powell</u>, actual litigation of the Fourth Amendment claim is not required, only that the state provides defendant the opportunity to litigate.  <u>Jenkins v.</u>

Rafferty, 618 F. Supp. 30, 35-36 (D.N.J. 1984), aff'd, 774 F.2d
1151 (3d Cir. 1985), cert. denied, 475 U.S. 1142 (1986); see also
Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980).  Therefore,
where it is plain that Lazicki had a full and fair opportunity to
litigate his Fourth Amendment claim in state court, and where the
state appellate court found that the issue lacked merit, Ground
Two of the petition shall be denied.[9]

C.   Ineffective Assistance of Counsel

     Lazicki finally alleges that his trial counsel was
ineffective on several grounds.  First, he asserts that counsel
should have retained an expert to examine and refute Dr.
Horowitz's opinion testimony.  Lazicki also states that his
counsel failed to request examination of Division of Youth and
Family Services' ("DYFS") files with respect to the victim's
medical condition concerning his bowel movements.

     The "clearly established Federal law, as determined by the
Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is
the standard for ineffective assistance of counsel as enunciated
in Strickland v. Washington, 466 U.S. 668 (1984).  Under
Strickland, a petitioner seeking to prove a Sixth Amendment
violation must demonstrate that his counsel's performance fell

---

     [9]  Moreover, even if the Fourth Amendment issue was decided
incorrectly, a petitioner may not continue to litigate it in
federal court.  Gilmore v. Marks, 799 F.2d 51, 56 (3d Cir.),
cert. denied, 479 U.S. 1041 (1986).

below an objective standard of reasonableness, assessing the
facts of the case at the time of counsel's conduct. Id. at 688-
89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v.
Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973
(2001). Counsel's errors must have been "so serious as to
deprive the defendant of a fair trial, a trial whose result is
reliable." Strickland, 466 U.S. at 688. "In any case presenting
an ineffectiveness claim, the performance inquiry must be whether
counsel's assistance was reasonable considering all the
circumstances." Id. The Supreme Court further explained:

> Judicial scrutiny of counsel's performance must be
> highly deferential. It is all too tempting for a
> defendant to second-guess counsel's assistance after
> conviction or adverse sentence, and it is all too easy
> for a court, examining counsel's defense after it has
> proved unsuccessful, to conclude that a particular act
> or omission of counsel was unreasonable. A fair
> assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption
> that counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the
> defendant must overcome the presumption that, under the
> circumstances, the challenged action "might be
> considered sound trial strategy."

Id. at 689 (citation omitted); see also Virgin Islands v.
Wheatherwax, 77 F.3d 1425, 1431 (3d Cir.), cert. denied, 519 U.S.
1020 (1996).

If a petitioner is able to demonstrate deficient performance by counsel, he then must show that counsel's substandard performance actually prejudiced his defense.  Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence.  Id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  Id. at 697. See also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

1. *Failure to Call an Expert Witness.*

Lazicki contends that his counsel was deficient in failing to produce an expert witness to refute the State's expert, Dr. Horowitz.  He raised this claim in his second state PCR motion, and Judge Langlois found that the motion was "both procedurally barred and substantively denied." (Judge Langlois' October 4, 2002 letter opinion).  The Appellate Division affirmed. (August 28, 2003 Opinion, Ra Ex. t.)

The respondent contends that this claim is procedurally defaulted, and also meritless.

When a state procedural rule has prevented the state courts
from reaching the merits of a petitioner's federal claims,
federal habeas review of those claims ordinarily is barred
because the petitioner has procedurally defaulted the claims.
Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).  Where one state
judgment rejects a petitioner's federal claims on state
procedural grounds, "later unexplained orders upholding that
judgment or rejecting the same claims rest upon the same ground."
Id. at 803.[10]

> A procedural default occurs when a prisoner's federal
> claim is barred from consideration in the state courts
> by an "independent and adequate" state procedural rule.
> See, e.g., Doctor[ v. Walters, 96 F.3d 675, 683 (3d
> Cir. 1996)].  Federal courts may not consider the
> merits of a procedurally defaulted claim unless the
> applicant establishes "cause" to excuse the default and
> actual "prejudice" as a result of the alleged violation
> of the federal law or unless the applicant demonstrates
> that failure to consider the claim will result in a
> fundamental "miscarriage of justice."  Coleman v.
> Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115
> L.Ed.2d 640 (1991).

Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002).

On habeas review of state prisoner claims, a federal court
"will presume that there is no independent and adequate state
ground for a state court decision when the decision 'fairly

---

[10] A petitioner's procedural default precludes federal
habeas review only if the last state court rendering a judgment
in the case rests its judgment on the procedural default.  Harris
v. Reed, 489 U.S. 255, 262 (1989).  Where a state-court decision
is ambiguous, the federal habeas court may address a federal
issue considered by the state court.  Id. at 262-63.

appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" Coleman, 501 U.S. at 734-35 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983)).[11]  Only a "firmly established and regularly followed state practice" is adequate to prevent subsequent habeas review in federal court.  James v. Kentucky, 466 U.S. 341, 348-351 (1984).  See also Lee v. Kemna, 534 U.S. 362, 376 (2002) ("Ordinarily, violation of 'firmly established and regularly followed' state rules ... will be adequate to foreclose review of a federal claim." (citation omitted)).  Generally speaking, "[a] state court's refusal to address a prisoner's federal claims because he has not met a state procedural requirement is both independent and adequate." Cabrera v. Barbo, 175 F.3d 307, 312 (3d Cir. 1999) (citation omitted), cert. denied, 528 U.S. 886 (1999).

In order to overcome the procedural bar, a petitioner must establish "cause" and "prejudice" or, alternatively, demonstrate a "miscarriage of justice."  Coleman, 501 U.S. at 752.

The "cause" standard requires a petitioner to show that some objective factor external to the defense impeded his efforts to

---

[11] A state court's reliance on a procedural bar as an alternate holding is sufficient to trigger the "cause" and "prejudice" test.  See United States ex rel. Caruso v. Zelinsky, 689 F.2d 435, 440 (3d Cir. 1982).

comply with the state procedural rule.  <u>See</u> <u>Coleman</u>, 501 U.S. at
752 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)).  In the
absence of a Sixth Amendment violation, the petitioner bears the
risk in federal habeas for all attorney errors made in the course
of the representation.  <u>Coleman</u>, 501 U.S. at 754.  Neither a pro
se prisoner's ignorance of the procedural rule nor inadvertence
satisfies the cause standard.  <u>Murray</u> at 485-87.  Failure of the
state court to "bend the rules" for a pro se litigant is not
cause.  <u>Caswell v. Ryan</u>, 953 F.2d 853, 862 (3d Cir. 1992), <u>cert</u>.
<u>denied</u>, 504 U.S. 944 (1992).

        To establish "prejudice," a petitioner must prove "'not
merely that the errors at ... trial created a possibility of
prejudice, but that they worked to his actual and substantial
disadvantage, infecting his entire trial with error of
constitutional dimension.'"  <u>Murray v. Carrier</u>, 477 U.S. 478, 494
(1986) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170
(1982)).  In the context of an ineffective assistance claim, the
Court of Appeals for the Third Circuit has held that prejudice
occurs where "there is a reasonable probability that, but for
counsel's deficient performance, the result of the proceeding
would have been different."  <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 670
(3d Cir. 1996).

        In the alternative, in order to establish that failure to
review an otherwise procedurally defaulted claim will result in a

"miscarriage of justice," a petitioner must show that "a
constitutional violation has probably resulted in the conviction
of one who is actually innocent." <u>Carrier</u>, 477 U.S. at 496.
"Thus, to establish a miscarriage of justice, the petitioner must
prove that it is more likely than not that no reasonable juror
would have convicted him." <u>Werts</u>, 228 F.3d at 193 (citing <u>Schlup
v. Delo</u>, 513 U.S. 298, 326 (1995)).

Here, the State court determined that this claim respecting
trial counsel's failure to call an expert witness, asserted by
Lazicki in his second petition for post-conviction relief, was
procedurally barred under N.J.Ct.R. 3:22-1, <u>et</u> <u>seq</u>., because it
was filed more than five years after his 1989 judgment of
conviction.  Specifically, in a letter opinion dated October 4,
2002, Judge Langlois noted that there were prior PCR motions
relating to claims of ineffective assistance of counsel filed by
petitioner.  Judge Langlois found that the newly asserted claim
with respect to trial counsel's failure to use a defense expert
was "not 'newly-discovered evidence' ... [and] could have been
presented with the earlier application and was not.  There is no
excusable neglect to allow consideration of the issue eleven
years after conviction.  Accordingly, that portion of your motion
is denied as untimely and without merit."  (October 4, 2002
letter opinion).

On appeal from the trial court's decision, the Appellate
Division held that:

> [Judge Langlois] concluded correctly that the allegations of
> ineffective counsel set forth in the motion were untimely
> under <u>R</u>. 3:22-12, having been submitted more than five years
> after entry of judgment and without evidence of excusable
> neglect.  Moreover, there was no newly discovered evidence
> or argument that could not have been raised in the prior
> application.  <u>See</u> <u>R</u>. 3:22-4.

(August 28, 2003 Opinion, Ra Ex. t at 3-4.)

Thus, there appears to be a clear and unambiguous
determination by the state courts that the claims were dismissed
solely on the grounds of procedural default or bar.  Although the
state court also held that the claim was without merit, the court
declined to elaborate or discuss the merits of the claim because
it was untimely.  Generally, "[a] state court's refusal to
address a prisoner's federal claims because he has not met a
state procedural requirement is both independent and adequate."
<u>Cabrera</u>, 175 F.3d at 312.  Therefore, this Court finds that this
claim is procedurally defaulted.

To overcome the procedural bar here, Lazicki must establish
cause and prejudice, or alternatively demonstrate a miscarriage
of justice.  <u>See</u> <u>Coleman</u>, 501 U.S. at 752.  The petition fails on
all prongs.  Lazicki makes no attempt to show that some objective
factor external to the defense impeded his efforts to comply with
the state procedural rule in his federal habeas petition, nor did
he try to show cause for his delay in raising this claim in his

state PCR petition.  Indeed, the state courts found that petitioner failed to provide evidence of excusable neglect or that the claim involved newly discovered evidence.  Therefore, petitioner has failed to establish cause to overcome procedural default.

Lazicki also cannot, and does not, establish "prejudice." He does not prove that trial counsel's error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Murray, 477 U.S. at 494.  As stated earlier, in an ineffective assistance of counsel claim, prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. Id. at 695-96.

Here, given the overwhelming evidence of petitioner's guilt at trial, which the Appellate Division characterized as an "avalanche of evidence" against defendant and which "fairly shrieks of defendant's guilt" (April 11, 1990 Opinion, Ra Ex. r), this Court is not persuaded that, but for trial counsel's alleged dereliction in failing to call an expert at trial, the jury's verdict would have been different.  Therefore, Lazicki fails to

30

establish the prejudice where he cannot prove that a different outcome would likely have resulted.

Finally, Lazicki cannot demonstrate manifest injustice. The overwhelming and chilling evidence against Lazicki in the record clearly outweighs Lazicki's speculative argument that an expert witness at trial would have resulted in a not guilty verdict. Based on the lack of proffer by petitioner here, he has not proven, as required to establish manifest injustice, that it is more likely than not that no reasonable juror would have convicted him. See Werts, 228 F.3d at 193.

Therefore, this claim of ineffective assistance of trial counsel is procedurally defaulted and shall be dismissed.[12]

---

[12] Even if the Court were to find that the claim was not procedurally defaulted, Lazicki has not established that his trial counsel's performance was deficient under Strickland. Lazicki offers no evidence, other than speculation, that an expert witness would have exculpated him. Nor does Lazicki cite to any law to overcome the strong presumption that trial counsel's decision not to call an expert to refute Dr. Horowitz was the result of sound trial strategy. See Strickland, 466 U.S. at 689; Reinert v. Larkin, 211 F. Supp. 2d 589, 599 (E.D. Pa. 2002), aff'd, 379 F.3d 76 (3d Cir. 2004), cert. denied, 126 S.Ct. 173 (2005). The trial record shows a vigorous cross-examination of Dr. Horowitz by defense counsel. Trial counsel also commented to the trial judge at side bar during the examination of Dr. Horowitz that he had his own expert available to him. (February 8, 1989 Transcript, 3T 47:17-20). Thus, it would appear that trial counsel had prepared for the eventual cross-examination of Dr. Horowitz by obtaining an expert with whom he could consult.

There is no per se rule that requires trial counsel to seek out an expert. However, some courts have suggested that, in cases involving child sexual abuse, expert assistance in often necessary. See Lindstadt v. Keane, 239 F.3d 191, 201 (2d Cir. 2001); Pavel v. Hollins, 261 F.3d 210, 224-25 (2d Cir. 2001);

2.   *Failure to Request DYFS Records*

---

Gersten v. Senkowski, 299 F. Supp.2d 84, 100-01 (E.D.N.Y. 2004),
aff'd, 426 F.3d 588 (2d Cir. 2005).  In Eze v. Senkowski, the
court observed:

> A lesson to be learned from Lindstadt and Pavel is that when
> a defendant is accused of sexually abusing a child and the
> evidence is such that the case will turn on accepting one
> party's word over the other's, the need for defense counsel
> to, at a minimum, consult with an expert to become educated
> about the "vagaries of abuse indicia" is critical.  The
> importance of consultation and pre-trial investigation is
> heightened where, as here, the physical evidence is less
> than conclusive and open to interpretation.

321 F.3d 110, 128 (2d Cir. 2003)(citation omitted); see also
Holsomback v. White, 133 F.3d 1382, 1387 (11th Cir. 1998)(counsel
ineffective for failing to call a medical expert to testify about
physical abuse in a child sexual abuse case).

Here, however, as noted above, trial counsel had apparently
obtained an expert to assist him in preparing for the case, as
admitted to the trial judge during the course of the trial.
Counsel made a strategic decision not to call the expert, for
whatever reason, be it because the expert could not refute Dr.
Horowitz or because it would have been equivocal or insufficient
to overcome other evidence of sexual assault or because counsel
concluded that his cross-examination had been effective and
putting an expert on the stand would create undue risk.  Thus,
assuming this claim was not procedurally defaulted, this Court
would find alternatively that petitioner has failed to overcome
the strong presumption that trial counsel's decision not to call
an expert to refute Dr. Horowitz was the result of sound trial
strategy.  See Strickland, 466 U.S. at 689; Reinert, 211 F. Supp.
2d at 599.  Indeed, trial counsel's decision not to call an
expert to testify at trial appears to be a credible and
reasonable strategy, based on an informed decision likely
influenced by expert assistance admittedly obtained by trial
counsel in preparing the case, which should be accorded a strong
level of deference.  Strickland, 466 U.S. at 689, 690-91
("[S]trategic choices made after thorough investigation of law
and facts relevant to plausible options are virtually
unchallengeable.").

Next, Lazicki contends that his trial counsel was ineffective because he failed to investigate and prepare a defense for trial.  In particular, Lazicki complains that counsel failed to request the victim's DYFS records for use in impeaching the credibility of petitioner's accusers.  On one of Lazicki's state PCR petitions, Judge Langlois ordered that the records be produced for in camera inspection.  In a letter opinion issued on April 3, 1997, Judge Langlois found that the DYFS records contained no information that would have aided petitioner at trial.[13]  On appeal from this decision, the Appellate Division affirmed, finding no merit to petitioner's arguments essentially for the reasons expressed by Judge Langlois in her letter opinion of April 3, 1997.  (May 9, 2000 Opinion.)

Based on the state court's factual findings with respect to the DYFS records themselves, this Court finds that, even if assuming, arguendo, that trial counsel's failure to request the DYFS records was deficient performance, Lazicki's claim still fails because he cannot prove the prejudice prong under Strickland.  There is no showing that this error by trial counsel was so serious as to deprive Lazicki of a fair trial or that, had the records been obtained, it would have resulted in a different

_____

[13] The April 3, 1997 letter opinion was not made part of the record provided to this Court by respondent.  The New Jersey Appellate Division referred to the letter opinion in its May 9, 2000 Opinion affirming Judge Langlois' denial of post-conviction relief on this ground.

outcome at trial.  As the state courts found in reviewing the records produced for in camera inspection in the state PCR proceeding, these records had little value for attacking the credibility of the victim or his parents, and would not have aided defense counsel in preparing a defense for Lazicki. Therefore, Lazicki has failed to demonstrate to this Court that the state court decisions on this issue were based on an unreasonable application of the facts in light of the evidence presented at the PCR proceedings.  Nor were the courts' decisions contrary to established federal law set forth in Strickland. Lazicki has not shown that the state court decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  Matteo, 171 F.3d at 891. Accordingly, the Court will deny this ground of ineffective assistance of trial counsel for lack of merit.

D.   Request for an Evidentiary Hearing

     Lazicki also seeks an evidentiary hearing in this matter with respect to his claims of ineffective assistance of counsel. The state trial court denied Lazicki's PCR petitions without holding an evidentiary hearing.

     Prior to enactment of AEDPA, the Supreme Court held that "where an applicant for a writ of habeas corpus alleges facts which, if proved, would entitle him to relief, the federal court to which the application is made has the power to receive

evidence and try the facts anew." <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963).  Indeed, in certain circumstances, an evidentiary hearing was mandatory.

> Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding.  In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts.
>
> ...
>
> [A] federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

<u>Id.</u> at 312-13.  The Supreme Court later refined this standard with respect to the fifth circumstance enumerated in <u>Townsend</u>, requiring a prisoner to "show cause for his failure to develop the facts in the state-court proceedings and actual prejudice resulting from that failure," but not otherwise curtailing the <u>Townsend</u> list.  <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 11 (1992). <u>Keeney</u>'s threshold standard of diligence was codified by AEDPA in the opening clause of new 28 U.S.C. § 2254(e)(2).  <u>Williams v. Taylor</u>, 529 U.S. 420 (2000).

Title 28 Section 2254(e) curtails the circumstances under which a district court may grant an evidentiary hearing.  It provides:

> (e)(1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A)  the claim relies on-
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e).

Thus, if a prisoner fails to develop the factual basis of a claim in State court proceedings, through some lack of diligence or greater fault attributable to the prisoner or the prisoner's counsel, an evidentiary hearing cannot be granted unless the prisoner's case meets the other conditions of § 2254(e)(2).  <u>Williams</u>, 529 U.S. at 429-37.  Conversely, where the facts have not been developed in State court proceedings through no fault of

the prisoner or the prisoner's counsel, the prisoner is "excused from showing compliance with the balance of the subsection's requirements." Id. at 437.

> However, even if a new evidentiary hearing is permitted under AEDPA--when it is solely the state's fault that the habeas factual record is incomplete-- AEDPA, unlike Townsend and Keeney, does not require that such a hearing be held.  Instead, federal courts have discretion to grant a hearing or not.  In exercising that discretion, courts focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim.

Campbell v. Vaughn, 209 F.3d 280, 287 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

Finally, § 2254(e)(2)'s introductory language "does not preclude federal hearings on excuses for procedural default at the state level." Cristin v. Brennan, 281 F.3d 404, 413 (3d Cir.), cert. denied, 537 U.S. 897 (2002).

Here, Lazicki seeks an evidentiary hearing on his claim that trial counsel was ineffective.  Although the first claim (regarding counsel's failure to call an expert) is procedurally defaulted, the trial record does indicate that defense counsel had sought the assistance of an expert with respect to preparing for Dr. Horowitz's testimony.  Thus, there does not seem to be a need for an evidentiary hearing when it is apparent from the trial record that defense counsel would refute petitioner's claim.

37

Further, as to the issue of requesting the DYFS records, a proper factual record was developed when the state PCR court ordered the in camera production of the records and then, after review, determined that the records would not have been helpful to trial counsel in attacking the credibility of the witnesses. Consequently, Lazicki has not established entitlement to an evidentiary hearing in this proceeding under the standard set forth in § 2254(e)(2), and his request for an evidentiary hearing will be denied.

## V.   CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability, pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Lazicki's claims that trial errors deprived him of a fair trial are without merit.  Lazicki fails to show that errors were

made, and even if so, that he was prejudiced by these alleged errors.  Further, Lazicki's claim that a search warrant was issued without probable cause cannot be considered by this Court, as Lazicki had a full and fair chance to litigate the claim in state court.  Finally, Lazicki has procedurally defaulted on his ineffective assistance of counsel claim by failing to raise the issue timely in post-conviction proceedings, and here, has failed to meet his burden to overcome the procedural bar.  Lazicki has failed to demonstrate a need for an evidentiary hearing on this claim.  For these reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.


                                    S/Joseph A. Greenaway, Jr.
                                   JOSEPH A. GREENAWAY, JR., U.S.D.J.

DATED:  March 27, 2006

39